**The BILLINGS GAZETTE, A DIVISION OF LEE ENTERPRISES, INC.,**
**Plaintiff,**

**v.**

**The JUSTICE COURT OF the THIRTEENTH JUDICIAL DISTRICT OF the STATE OF MONTANA, In and For the COUNTY OF YELLOWSTONE, Defendants.**

**No. CV 87–101–BLG–JFB.**

United States District Court,
D. Montana,
Billings Division.

Aug. 5, 1987.

Sidney Thomas, Moulton Law Firm, Billings, Mont., for plaintiff.

## ORDER

BATTIN, Chief Judge.

This matter came regularly before the Court on the Plaintiff's Motion for a Preliminary Injunction. The parties agreed to submit the entire matter to the Court on an Agreed Statement of Facts. The State of Montana commenced a preliminary examination against Scott A. Wombolt pursuant to Chapter 10, Title 46, *Montana Code Annotated.* Defense counsel for Wombolt moved for closure of the hearing pursuant to Section 46–10–201, M.C.A., which provides:

> The justice may, in his discretion, *and must upon the request of the defendant* exclude from the preliminary examination every person not officially associated with the case before the court.

The Plaintiff intervened in the preliminary examination to argue against defense counsel's motion. After receiving arguments on the matter, the Justice granted defense counsel's motion. The Justice has indicated he feels compelled to follow the statute until it is declared unconstitutional and will continue to do so when similar motions are made in other preliminary examinations. The Justice and the Plaintiff agree that the Montana statute is in apparent conflict with the First Amendment to the United States Constitution as construed by the United States Supreme Court in *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986), and requests this Court for guidance.

Upon review of the authorities and the facts of this case, I find that this case is controlled by *Press–Enterprise Co. v. Superior Co.,* 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). In *Press–Enterprise Co.,* the U.S. Supreme Court reversed a California Supreme Court decision that there was no general First Amendment right of access to preliminary hearings. The Supreme Court held that a qualified First Amendment right of access attached to preliminary examinations. The Court held that:

> The proceedings cannot be closed unless specific, on the record findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest".

The Court further held that:

> If the interest asserted is the right of the accused to a fair trial, the preliminary hearing shall be closed only if specific findings are made demonstrating that first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights. *Id.*

The U.S. Supreme Court rejected the California Supreme Court's interpretation that the magistrate should close the preliminary examination upon finding a reasonable likelihood of substantial prejudice. The Court found that this "reasonable likelihood" test places a lesser burden on the defendant than the "substantial probability" test called for by the First Amendment. On

that basis, the Court reversed the California Supreme Court's holding.

In this case, closure is made mandatory by the Montana statute. There is no "substantial probability" test as required by the First Amendment as interpreted in *Press–Enterprise Co.* Accordingly, I find that the statute is unconstitutional as against the First Amendment to the United States Constitution.

This is not to say that the press has an unfettered right of access in every case. Nothing in this opinion should be construed to eliminate inherent judicial discretion concerning access. The press and the courts must work together to find acceptable solutions in each case which will preserve the accused's right to a fair trial and the public's right of access to judicial proceedings. However, the Constitution, as interpreted in *Press–Enterprise Co.* requires that preliminary examinations be closed only if specific findings are made demonstrating a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and that reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights.

Therefore, IT IS ORDERED THAT Section 46–10–201, M.C.A. is unconstitutional as against the First Amendment of the United States Constitution.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction is hereby GRANTED.